NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2235

_____

LARRY STANLEY,
                                        Appellant

v.

CITY OF PITTSBURGH; PITTSBURGH BUREAU OF POLICE;
DEPARTMENT OF PUBLIC SAFETY; LT. SIPPEY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 2-09-cv-01450
(Honorable Donetta W. Ambrose)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2012

Before:  SCIRICA, AMBRO and SMITH, *Circuit Judges*.

(Filed: April 26, 2012)

_____

OPINION OF THE COURT

_____

SCIRICA, *Circuit Judge*.

After arrest and withdrawn prosecution for homicide, Larry Stanley filed a

complaint under 42 U.S.C. § 1983 alleging the City of Pittsburgh's prior policy

permitting a single officer to submit an Affidavit of Probable Cause without requiring

further review violated his Fourth Amendment rights. The District Court granted summary judgment to the defendant. We will affirm.

## I.

On June 16, 2003, Stanley was involved in a bar brawl in Pittsburgh that resulted in the stabbing death of Ronald Barber, Sr. Based on the testimony of an eyewitness alleging Stanley held Barber while another man stabbed him and identifying Stanley from a photo array, Detective Joseph Myers submitted an Affidavit of Probable Cause to the county coroner, who issued a warrant for Stanley's arrest for criminal homicide. Stanley alleges he was not involved in Barber's death and claims Myers's Affidavit ignored exonerating statements that contradicted the eyewitness testimony. Stanley was charged with criminal homicide but, in the course of a bench trial, the charges were withdrawn with prejudice.

Stanley then filed this claim under 42 U.S.C. § 1983 in the Western District of Pennsylvania, alleging that the City of Pittsburgh's policy at the time of his arrest permitting an officer to submit an Affidavit of Probable Cause without any review and on the strength of a single witness violated his Fourth Amendment rights. The District Court granted summary judgment to the defendant on the ground that Stanley had presented no evidence that the policy had caused the alleged constitutional violation. *Stanley v. City of Pittsburgh*, No. 9-1450, 2011 WL 1327634 (W.D. Pa. Apr. 6, 2011). Stanley timely appealed.[1]

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 & 1343. We exercise jurisdiction under 28 U.S.C. § 1291.

II.[2]

Section 1983 provides a cause of action for constitutional violations committed under color of state law. Under § 1983, a municipality may not be held vicariously liable for the actions of its employees, but may be responsible when a municipal policy or custom itself caused the violation in question. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). To establish liability based on a municipal policy or custom, the plaintiff must demonstrate the municipality was "the 'moving force' behind the injury alleged" by showing that there was a "direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). A plaintiff must also establish that the municipal decision "reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id*. at 411. This is a "stringent standard of fault" that "requir[es] proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. at 410.

Stanley's conclusory allegations cannot satisfy this standard here. Even if we entertain the questionable assertion that the coroner lacked probable cause and Stanley's constitutional rights were violated, Stanley has offered no evidence that this violation resulted from the City of Pittsburgh's policy. As the District Court noted, neither the

---

[2] We exercise plenary review over a district court's grant of summary judgment. *N.A.A.C.P. v. N. Hudson Reg'l Fire Rescue*, 665 F.3d 464, 475 (3d Cir. 2011). Summary judgment is proper when the movant demonstrates there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We view all facts in the light most favorable to the non-moving party and draw all inferences in that party's favor. *Doe v. Indian River Sch. Dist.*, 653 F.3d 256, 275 n.7 (3d Cir. 2011).

practice of allowing a coroner to assess probable cause nor the policy permitting a single officer to submit an affidavit can be considered the "moving force" behind the alleged constitutional violation where Stanley has not shown how these particular policies were directly responsible for the issuance of the arrest warrant. Nor do Stanley's allegations satisfy the "stringent" deliberate indifference standard. Stanley has offered no evidence that the harm he suffered was a known or obvious consequence of the City of Pittsburgh's policy, which did not itself violate any constitutional requirements. At best, Stanley urges us to find municipal liability based on the "generalized . . . risk" that the policy made "a violation of rights more *likely*." *Brown*, 520 U.S. at 410. But the Supreme Court has already stated that such a showing alone does not satisfy the deliberate indifference standard, *id.* at 410-11, and Stanley's attempt to impute the actions of Myers and the coroner to the City of Pittsburgh threatens to collapse the well-established distinction between municipal liability and *respondeat superior* liability. Because of these legal shortcomings, Stanley's municipal liability claim fails.

III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment to the defendant.

4